Circuit Court of Cuyahoga County.

FREDERICK OHMENHAUSER v. W. S. KERRUISH.

Decided, March 23, 1901.

*Costs—Attorney's Fees—Costs and Attorney's Fees Not Taxable Against Defendant Railroad Company in Unsuccessful Action for Occupation of Land.*

Where an action is brought in the probate court under Section 6448, Revised Statutes, for the value of land used and occupied by a railroad company, and results in a judgment for the defendant company, attorney's fees and the costs in the case can not be taxed against the defendant company under Section 6438, Revised Statutes.

*Hamilton, Hamilton & Smith,* for plaintiff in error.
*W. S. Kerruish,* contra.

HALE, J.; CALDWELL, J., and MARVIN, J., concur.

In April, 1895, the plaintiff in error had an action pending in the probate court against the Nickel Plate Railway Company in which he sought to recover compensation for land which he claimed was occupied by that company for its right-of-way. The action was brought under Section 6448 of the Revised Statutes of Ohio.

At the commencement of the action Ohmenhauser was represented by other counsel, but on the 13th day of April, 1895, he employed Kerruish to take charge of and prosecute that action. A trial was had before that court, resulting in a verdict in favor of Mr. Ohmenhauser, for about six thousand dollars. This, on motion for a new trial, was set aside by the court. A second trial resulted in a verdict for the defendant, the railway com-

pany, upon which a judgment was rendered. Kerruish brought his action in the court of common pleas to recover for services so rendered. The defendant, the plaintiff in error, interposed to that claim, first, a general denial; second, a cross-petition in which he alleges that on the 2d day of March, 1896, he made a contract with the defendant in error, Kerruish, under and by the terms of which the defendant in error was then to take steps necessary to secure for him his costs, attorney fees and expenses incurred in the case to which I have above referred, which he negligently failed to do.

The reply denied the allegations of the cross-petition.

In submitting the issue upon this cross-petition to the jury, the court said:

"Defendant seeks to recover certain damages as set forth in his answer in this case, alleging that by reason of certain things that he was damaged in the sum of fifteen hundred dollars, and concluding his answer and cross-petition with a prayer for judgment for the sum of $299, with interest thereon, from the date stated by defendant in his answer and cross-petition.

"Now, gentlemen of the jury, as a matter of law, I desire to say at this point that under the statutory law of this state that the defendant would not be entitled to recover in damages for the simple reason that the facts in this case clearly show that it is not within the purview of the statute authorizing the allowance of attorneys' fees or expenses in the probate court for the reason that the suit was commenced by Frederick Ohmenhauser and not by the railroad company to appropriate the land in question and, therefore, I say to you, gentlemen of the jury, that in that regard the defendant in this case in the opinion of the court, is not entitled to recover a judgment in any way whatever under the allegations set forth in his answer and cross-petition in this case, and the evidence adduced in support of that allegation during the progress of the trial."

The pleadings filed in the probate court were not offered in evidence and there is no evidence from which we can definitely determine what issues were there made, or upon what ground the verdict and judgment in that case were based. It does not, therefore, affirmatively appear that this charge was erroneous, or at least prejudicial. If, however, the issues there made were as stated in oral argument then we are of the opinion that the

court correctly held that the statute, Section 6434, did not apply to the proceedings there had.

The plaintiff's action in the probate court was brought under Section 6448 and resulted in a verdict and judgment for the defendant, the railway company; and certainly nothing appears in the evidence in *this* case that would authorize the taxation of the costs, expenses and attorney fees in *that* proceeding against the railway company.

We find no error in this record, and the judgment of the court of common pleas is affirmed.